## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| **v.** | * | **CASE NO.  06cr167-MHT** |
| | * | |
| **BETTY ROBERTSON** | * | |

### MOTION TO SUPPRESS

**COMES NOW** the Defendant, Betty Robertson , by and through her undersigned counsel, Susan G. James, and pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, as well as the Fourth Amendment to the United States Constitution, moves this Court for an Order suppressing any items seized during the search of 2110 Crenshaw Road, Wetumpka, Alabama, as well as any statements made by Ms. Robertson during or subsequent to the search, and to prohibit the Government from introducing into evidence any reference to any statement made by Ms. Robertson  or any items seized as a result of the search.

### Facts

The evidence at issue in this case was seized as a result of the warrantless search of a home owned by Betty Robertson. Officers from the Central Alabama Drug Task Force sought and obtained a search warrant for 2112 Crenshaw Road in Wetumpka, Alabama based on information it had received from a confidential informant (CI). On January 6, 2006, Central Alabama Drug Task Force (CADTF) Agent Thomas Reid signed a sworn affidavit it which he requested a warrant to search 2112 Crenshaw Road in Wetumpka, Alabama, the residence of Gregory Smoke. Elmore County Circuit Court Judge John Bush issued the warrant the same day.

In the affidavit, Agent Reid claimed that he had conducting a drug investigation for a few

weeks involving several individuals in the Crenshaw area of Elmore County, and that Gregory

Smoke was a subject of the investigation. According to Reid, with the use of a CI, several

controlled purchases of crack cocaine were made from individuals in the Crenshaw area, including

Gregory Smoke. The purchases from Mr. Smoke  allegedly took place at 2112 Crenshaw Road,

and other evidence suggested that Mr. Smoke stored and sold crack cocaine at that residence.

Agent Reid also claimed that the CI bought crack cocaine from Gregory Smoke at 2112

Crenshaw Road within the last 72 hours.

In spite of this plethora of information concerning the illegal activities occurring at Mr.

Smoke's residence, these experienced Task Force officers actually searched the wrong house; a

house for which they had no warrant - 2110 Crenshaw Road.

Included in the affidavit were directions to the residence sought to be searched

> 2112 Crenshaw Road - Wetumpka Alabama: From Alabama
> Hwy 111. Proceed north on Al. Hwy 111 to the north end
> intersection of Crenshaw Road. Turn left onto Crenshaw
> Road. Said residence (2112 Crenshaw Road) will be located
> on the left. Said residence is described as being a light
> colored (tan or beige) doublewide mobile home with green
> colored window shutters and a front porch with green
> colored railings.

(*Affidavit for Search Warrant*).

2112 Crenshaw Road is indeed the residence of Gregory Smoke. It is not, however, a light

colored double-wide trailer with green shutters located on the left side of Crenshaw Road. It is a

brown colored house on the right side of the road and does not contain either green shutters or a

front porch with green railings. More importantly, it was not the home the officers actually

searched.

The officers searched a light colored, double-wide trailer with green shutters, but that

residence is 2110 Crenshaw Road, not 2112, and is not a residence owned by Gregory Smoke.

No information contained in the affidavit established probable cause to search the neighbor's

house. Neither that residence nor its owner were even mentioned in the affidavit. The residence

was actually owned by Betty Robertson, a girlfriend of Gregory Smoke, and while Mr. Smoke

occasionally spent the night there, he did not live there.

The search warrant was executed on January 7, 2006 by the Task Force and the Chilton

County Special Operations Unit. At that time, Mr. Smoke and Ms. Robertson were asleep in the

master bedroom. Officers placed some type of bag over Mr. Smoke's head and took him outside

and placed him in a patrol car. Ms. Robertson was taken into custody inside the home. The

officers then searched the residence where, in the master bedroom and bathroom, they recovered

the firearms and drugs at issue in this case.[1] Both Mr. Smoke and Ms. Robertson were arrested

and charged with unlawful possession/distribution of a controlled substance.

In response to questioning regarding the drugs, Mr. Smoke allegedly said, "They are mine,

the dope is mine and my wife had nothing to do with it." He also allegedly stated that the guns

belonged to his father. According to the Investigative Reports prepared by the Task Force, 2112

Crenshaw Road is a residence owned by Gregory Smoke and his wife, Betty Robertson. Ms.

Robertson and Mr. Smoke, however, are not married. Moreover, Betty Robertson does not live at

that address. Also included in the Report is what purports to be a diagram of 2112 Crenshaw

Road. It is not. The diagram is actually of the home the officers mistakenly searched, 2110

Crenshaw Road, a home owned by Betty Robertson, not Gregory Smoke.

---

[1] There was also a shotgun located in the kitchen of the house.

Accordingly, what the officers did was conduct a warrantless search of a residence owned by someone other than Mr. Smoke. There were no exigent circumstances to justify such a search. Therefore, pursuant to the Fourth Amendment, the search was illegal and all items seized, or statements given, as a result of the illegal search are due to be suppressed.

### Discussion

The search of the home located at 2110 Crenshaw Road was illegal. The Fourth Amendment strongly protects privacy interests in the home. Physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed. *Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984). Seizure of personal property is *per se* unreasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized. *United States v. Place*, 462 U.S. 696, 701 (1983). Under the Fourth Amendment, warrants must describe with particularity the place to be searched and the person or things to be seized. *Coolidge v. New Hampshire*, 403 U.S. 443 (1971). The purpose of the "particularity" requirement is to prevent broad, general searches by the police. *United States v. Leon*, 468 U.S. 897, 963, 104 S.Ct. 3405, 3430 (Stevens, J., Dissenting) (1984).

As the Supreme Court has consistently noted, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure. *Weeks v. United States*, 232 U.S. 383 (1914); *Mapp v. Ohio*, 367 U.S. 643 (1961). This exclusionary rule includes the "fruits" of such illegal conduct. *Wong Sun v. United States*, 371 U.S. 471 (1963).

In this case, the search warrant described with particularity the residence the officers wished to search as "a double wide mobile home with green colored window shutters and a front

porch with green colored railings." (*Affidavit for Search Warrant)* That is not, however, an accurate description of Gregory Smoke's home. In fact, it is not even close. The affiant stated that he had an abundance of knowledge that Gregory Smoke was selling crack cocaine out of his residence. However, he did not even know where Gregory Smoke lived. Admittedly, he knew the correct address, but the house he described was not 2112 Crenshaw Road.

Although the officers desired to search Mr. Smoke's residence, the affidavit did not describe 2112 Crenshaw Road, Mr. Smoke's actual residence, but rather another location. When reviewing the "particularity" requirement of the Fourth Amendment, the determination of whether an affidavit sufficiently describes the location to be searched involves a two-part inquiry. First, the court must consider whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises. Second, the court must determine whether there is a reasonable probability that another premises might be mistakenly searched. See *United States v. Gahagan*, 865 F.2d 1490, 1496 (6th Cir. 1989); *United States v. Lora-Solano*, 330 F.3d 1288, 1293 (10th Cir. 2003) (same); *United States v. Pervaz*, 118 F.3d 1, 9 (1st Cir. 1997) (same); *United States v. Gamboa*, 439 F.3d 796, 806 (8th Cir. 2006) (same).

In this case, the place the officers wanted to search, Mr. Smoke's residence, was not described at all, much less which such particularity that the officers could locate it. Additionally, the fact that the wrong premises was searched undeniably establishes that another premises might accidently be searched because the wrong residence was actually searched. Under these circumstances, the warrant was deficient and the items seized from the warrantless search of 2110 Crenshaw Road are due to be suppressed.

**Conclusion**

The search of 2110 Crenshaw Road was conducted without a valid warrant supported by probable cause sufficient to justify a search of that residence. The officers in this case sought and obtained a search warrant for 2112 Crenshaw Road. They did not search that address. Instead, they broke into the home of Betty Robertson, without a warrant, searched her home, and arrested her and her houseguest, Gregory Smoke. The search of this home and the seizure of its occupants was not pursuant to a warrant nor justified by exigent circumstances. Therefore, all items seized and statements made as a result of this illegal search are due to be suppressed.

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daniel Cook
United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,


s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012