IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * <br> * <br> * |
| v. | * CASE NO. 06cr167-MHT-DRV (WO) <br> * |
| GREGORY SMOKE AND <br> BETTY ROBERTSON | * <br> * |

**OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION OF
OCTOBER 10, 2006**

Comes now the Betty Robertson and files these objections to the Magistrate Judge's Recommendation and states as follows:

1. Robertson considers her previously filed pleadings, supplements, and responses in conjunction with the facts to be dispositive and adopts the same by reference as if fully set forth herein.

2. Robertson urges this Court to review the facts, arguments, and citations to authority, and reach the conclusion that would grant the relief she is seeking.

**Page 4, Paragraph 2**

Specifically Robertson objects to the Magistrate's conclusion page 4, paragraph 2, "no evidence establishes clearly that 2110 Crenshaw Road is the correct address for this mobile home." Robertson objects to this position taken by the Magistrate Judge in that her drivers license was identified as an authentic

Alabama drivers license by Sgt. Benson bearing the address of 2110 Crenshaw Road. Further, evidence provided in discovery included criminal history checks of Robertson and Smoke obtained two days before the search warrant was executed indicating that Robertson's address was in fact 2110. The Court was asked to take judicial notice that the Court's own documentation regarding the pretrial residence of Betty Robertson is 2110 Crenshaw Road.

    Also the mail box to the double wide where the drug transactions were alleged to have occurred in the residence (actually searched) had a mailbox associated with the residence identifying the address as 2110. A separate location, not the one where the purported drug buys took place or the search and seizures occurred, bore a mailbox number of 2112. Further, Danny Carmichael, Investigator, Federal Public Defenders Office, indicated he met Robertson at 2110 Crenshaw Road and that she claimed the residence was hers that was actually searched. Further, Robertson identified for Carmichael that the 2112 Crenshaw Road mobile home belonged to Smoke.

    Robertson also takes exception to the Magistrate Judge's conclusion relating to the absence of any evidence from which the Court could conclude that the control buys were, in fact, purchased from the mobile home search, "the argument is amply refuted by Sgt. Reed's testimony describing the "control" monitoring used and by

testimony used from both Sgt. Reed and Sgt. Benson that no controlled buys occurred from, and their investigation never targeted, the home identified by defendants as the match per 2112 Crenshaw Road and Smoke's actual address." (R & R, pg. 14)

Robertson submits that the officers testimony regarding the informant and the informant's observations were based on matters told to the officers rather than those observed. It defies logic that the officers would have made themselves visible in or around the tightly knit community of Crenshaw Road while sending someone for an undercover buy of controlled substances. The proper course in all investigations is that the Agents distance themselves from the transaction, thereafter meeting the CI in a different location. There was no testimony from the officers in this case to controvert that is the normal procedure and was the procedure in this particular case. Therefore Robertson argued that the observations of the CI as to where the alleged drug purchases occurred were based on unsurveiled and unobserved circumstances by the officers and total reliance on the representations by the CI.

**Pages 14 and 15**

The Magistrate Judge at pgs. 14 and 15 reaffirmed that there was nothing in the testimony of Sgt. Reed and Benson that there was no evidence to undermine their consistent testimony about the site visit prior to the execution of the search

warrant. What the Magistrate Judge ignored here is that information was provided by an unidentified confidential source who in all probability was trying to gain favor with the agents. This hearsay testimony is suspect at best. The fact that the wrong address was on the affidavit for the search warrant adds to the speculativeness of the statements allegedly made by the CI in support of the affidavit.

Robertson objects to the Magistrate's suggestion at page 15 that the Court need not extend a good faith exception analysis to Leon given that the warrant satisfied the Fourth Amendment. Robertson asserts that the warrant did not satisfy the Fourth Amendment and a such as Leon exception should be considered and denied.

The Magistrate Report at page 15 and other pages in the Report and Recommendation several times refers to the fact that the agents who executed the warrant were actually taken to the site and the house to be searched was pointed out to them. The Magistrate's suggestion ignores the fact that Sgt. Benson testified that a video tape had been made of this alleged drive by. However, during the course of the hearing it was made clear that the video tape was not provided to the AUSA nor to defense counsel for Robertson and Smoke.

Robertson submits to this court that a de novo review should be conducted and that the Magistrate's Report and Recommendation should be overruled and the

evidence in this case should be suppressed.

    Respectfully submitted,

        s/Susan G. James
        SUSAN G. JAMES
        Attorney at Law
        600 South McDonough Street
        Montgomery, Alabama 36104
        Phone: (334) 269-3330
        Fax: (334) 834-0353
        E-mail: sgjamesandassoc@aol.com
        Bar No: JAM012

## CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daniel Cook
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101