IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  02:06cr167-MHT |
| | ) | |
| BETTY ROBERTSON | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:          SUSAN G. JAMES

ASSISTANT U.S. ATTORNEY:    LOUIS V. FRANKLIN, SR.

## COUNTS AND STATUTES CHARGED:

Count 1          21 U.S.C. § 846 [21 U.S.C. § 841(a)(1)]
Conspiracy to knowingly and intentionally distribute and possess with intent
to distribute 5 or more grams of cocaine base;

Count 2          21 U.S.C. § 841(a)(1)
Possession with intent to distribute cocaine base, a Schedule II Controlled
Substance;

Count 3          18 U.S.C. § 924(c)(1)(A)
Possession, use and carrying a firearm during and in furtherance of a drug
trafficking crime.

## COUNT(S) PLEADING PURSUANT TO PLEA AGREEMENT:

Count 2          21 U.S.C. §  841(a)(1)

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 2          21 U.S.C. § 841(a)(1)
NMT 20Y or
NMT $1,000,000 or both;
NLT 3Y SUP REL;
$100 AF;
VWPA.

**ELEMENTS OF THE OFFENSE:**

Count 2          21 U.S.C. § 841(a)(1) (Possession with intent to distribute)

First:          Defendant knowingly and intentionally possessed a Controlled Substance as charged in the Indictment: and

Second:          That the defendant had the intent to distribute the Controlled Substance when he/she possessed the same.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Louis V. Franklin, Sr., Assistant United States Attorney, and Susan G. James, attorney for Defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C); and, the parties understand that, if the terms of this Plea Agreement are not accepted by the Court, Defendant will be allowed to withdraw her plea of guilty and proceed to trial. If the Court accepts this Plea Agreement; and Defendant thereafter breaches this Plea Agreement, Defendant may not withdraw his guilty plea. The terms of this Plea Agreement are as follows:

## UNITED STATES' PROVISIONS

1. Upon Defendant's entering a plea of guilty to the offenses charged in Count 2 of the Indictment, and upon the Court's acceptance of such plea, the attorney for the United States will do the following:

         a.          Agree that the amount of cocaine base attributable to the defendant is

2

approximately 5.44 grams;

       b.      Agree to recommend that the appropriate sentence is imprisonment for a term of 24 months;

       c.      Recommend a downward departure pursuant to § 5K1.1 of the advisory guideline range for substantial assistance in the prosecution of Co-defendant Gregory Smoke and any other state and Federal crimes; and

       d.      Dismiss, at the time of sentencing, after the Court's acceptance of Defendant's plea of guilty to Count 2 of the Indictment and this Plea Agreement, Counts 1 and 3 of the Indictment returned against Defendant.

    2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and Defendant's background.

### <u>DEFENDANT'S PROVISIONS</u>

    1.    Defendant agrees to the following:

       a.      To plead guilty to Count 2 of the Indictment;

       b.      That the amount of cocaine base attributable to the defendant is 5.44 grams;

       c.      That imprisonment for a term of 24 months is an appropriate sentence in this case;

       d.      To testify truthfully and completely at any and all times and places, before any civil and/or criminal proceeding; and

       d.      To cooperate fully with the United States in the prosecution of this and other

cases and fulfill all of his obligations and covenants under the Cooperation Agreement set forth infra.

e.    Defendant understands acknowledges and agrees that as part of her consideration for this Cooperation Agreement she will not to commit any criminal offense under federal, state, or local law, including, but not limited to, possessing or using a controlled substance. Defendant further understands and acknowledges that her commission of any criminal offense under federal, state, or local law after her execution of this Plea Agreement is a material breach of the Cooperation and Plea Agreements and immediately releases the United States from its commitment to honor any and all of its obligations to her as set forth in this Plea Agreement. Defendant further understands that any material breach of the Plea Agreement or the Cooperation Agreement, by the Defendant, will not invalidate or serve as withdrawal of her guilty plea. Upon material breach by the Defendant, the United States reserves the right to pursue any sentencing enhancement or any additional criminal prosecution deemed necessary.

g.    Defendant consents to forfeiture of, and relinquishes all ownership interest in, any and all firearms seized during the investigation of this case.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, Defendant reserves the right to file a direct appeal for an

4

upward departure from the applicable advisory Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history) or §5K2.0 (from offense level). Defendant understands and agrees that this waiver as to all other advisory Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by Defendant, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this Plea Agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals Defendant's sentence pursuant to 18 U.S.C. § 3742(b), Defendant is released from this waiver.

Notwithstanding the above, nothing in this section shall be construed as a waiver of the right to raise a claim premised on ineffective assistance of counsel and/or prosecutorial misconduct.

## FACTUAL BASIS

Defendant understands the nature of the charges to which the plea is offered involves proof as to Count 2 of the Indictment. With respect to Count 2, on or about January 7, 2006, in Elmore County, Alabama, in the Middle District of Alabama, Betty Robertson, Defendant herein, knowingly and intentionally possessed with intent to distribute cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). In particular,

Defendant, during this time period, possessed approximately 2.66 grams of cocaine base; and it was the defendant's intent to distribute said cocaine.

## COOPERATION AGREEMENT

1.  Defendant agrees to cooperate completely and truthfully with the United States in the prosecution of this and other cases.  In particular, Defendant agrees to:

    a.  Cooperate fully and testify truthfully against any and all persons, including but not limited to Co-defendant Gregory Smoke, as to whom she may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so;

    b.  Make herself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States, or their designees, and to respond fully and truthfully to all questions asked of her by such persons;

    c.  Disclose fully and truthfully to law enforcement officers and attorneys for the United States any and all knowledge and information, including any documents or materials in her possession or of which she has knowledge, she has about any and all criminal activity in the Middle District of Alabama and elsewhere;

    d.  Not commit any violation of federal, state or local law, including but not limited to possession or use of any controlled substance, or possession or use of any firearm or ammunition.

    e.  Submit, upon request, to polygraph examinations conducted by the United States.

2.  Provided that Defendant satisfies the terms of this Plea Agreement, any information

that he truthfully discloses to the United States during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. Defendant understands, however, that this Plea Agreement does not bar her prosecution for capital felonies, perjury, false statements, and obstruction of justice.

3.    If Defendant has failed or should fail in any way to fulfill completely her obligations under this Plea Agreement, including her obligations and covenants under the Cooperation Agreement contained herein, then the United States will be released from its commitment to honor all of its obligations to her set forth in this Plea Agreement, and the Defendant will be precluded from withdrawing her guilty plea. Thus, if at any time, including, but not limited to, prior to or during her testimony before grand juries, hearings or in trials, Defendant should knowingly and willfully withhold evidence from, or provide false or fail to disclose full and truthful information to, the United States, its investigators, or attorneys then the United States will be free (1) to prosecute her for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to use against her in all of those prosecutions and sentencings the information and documents, materials, statements, and information that she has herself disclosed or furnished to the United States during the course of her cooperation; (3) to recommend a maximum sentence; and (4) to seek forfeiture of any and all forfeitable properties of Defendant. The parties agree to submit to the Court, to be decided by a preponderance of the evidence standard, the question of whether Defendant has breached this Plea Agreement.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

Defendant, before entering a plea of guilty to Count 2 of the Indictment that is the subject of

7

this Plea Agreement, advises the Court that:

1.    The discussions between the attorneys for the United States Government and the attorney for Defendant held for the purpose of reaching an agreed plea in this case have taken place with Defendant's authorization and consent.

2.    Defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100 assessment is to be paid by Defendant on the date of sentencing for each Count to which she pleads guilty and that if a fine and/or restitution is imposed by the Court at sentencing, Defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth Defendant's assets and liabilities as of the date of sentencing. Defendant will make an honest, good faith effort to pay the said fine and/or restitution as directed by the Financial Litigation Section of the United States Attorney's Office. Defendant further understands that by completing the financial statement, Defendant is representing that it is true and accurate to the best of Defendant's information, knowledge, and belief.

3.    Defendant understands that she has a right to be represented by an attorney at every stage of the proceedings against her herein and is represented by her undersigned attorney.

4.    Defendant understands that she has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against her, the right to call witnesses in her own behalf, and the right not to be compelled to incriminate herself, and that if she enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, she waives the right

to a trial by jury or to a trial before the Court.

5.      Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against Defendant in a prosecution for perjury or false statement if the answers are not truthful.

6.      Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by Defendant as a result thereof is voluntary on Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for Defendant, all conducted with Defendant's authorization, knowledge and consent. Defendant understands and acknowledges that this guilty plea will remain in full force and effect upon any breach of this Plea Agreement by Defendant.

7.      Defendant further advises the Court that her understanding of this Plea Agreement is as set forth in this document.

8.      Defendant further acknowledges and understands that once the Court accepts this Plea Agreement (1) any breach by her of this Plea Agreement will not entitle her to withdraw her guilty plea in this case and (2) her guilty plea will remain in full force and effect upon her breach of any term of this Plea Agreement.

9.      Defendant further advises the Court that she understands and has been advised

9

that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against Defendant. However, Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by Defendant under oath, on the court record, and in the presence of counsel.

10.     Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

11.     The undersigned attorneys for the United States and for Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for Defendant further advises the Court that Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that Defendant has been advised of his right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against Defendant and the right not to be compelled to incriminate herself; and that if Defendant pleads guilty, there will not be a further trial of any kind. Further, Defendant has been advised that if she pleads guilty, the Court may ask questions about the offense to which Defendant has pleaded and that if the plea is rejected or later withdrawn, that the

answers to such questions may not be used against Defendant in a civil or criminal proceeding, but that Defendant's answers may later be used against her in a prosecution for perjury or false statement if the answers are not truthful.

12.     Defendant understands that the U.S. Probation Office will prepare a pre-sentence investigation report for the Court. The Probation Officer will consider Defendant's conduct related to the offense to which the plea is offered, as well as Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by Defendant's counsel or the United States Attorney. In the event that the Court determines Defendant's offense level or criminal history category to be higher than Defendant anticipated, the Defendant will have no right to withdraw the plea except as previously stated herein.

This  26th  day of October, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Chief, Criminal Division

I HAVE READ THE FOREGOING PLEA AGREEMENT, CONSISTING OF TWELVE (12) PAGES, UNDERSTAND THE SAME, AND THE MATTERS AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, SUSAN G. JAMES.

Betty Robertson
Defendant

10-26-06
Date

SUSAN G. JAMES
Attorney for Defendant

10-26-06
Date

12