IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * CASE NO. CR: 06-CR167-MHT |
| BETTY ROBERTSON. | * |

**MOTION TO AMEND SENTENCE PURSUANT TO UNITED STATES SENTENCING GUIDELINE AMENDMENT §2D1.1 (2007) AND TITLE 18 U.S.C. §3582(c)(2)**

Comes now Betty Robertson, by and through undersigned counsel, and files this motion to commit sentence pursuant to United States Sentencing Guideline Sections 2D1.1 (2007) and 1B1.10 and in support thereof states the following:

### THE GUIDELINE AMENDMENT

On March 1, 2008 United States Sentencing Guideline Amendment to the cocaine base guideline became effective.[1] This amendment is retroactively applied to criminal defendants who were sentenced for crack cocaine violations pursuant to United States Sentencing Guideline Section 2D1.1. District Courts now have jurisdiction pursuant to 18 U.S.C. §3582(a)(2) to decide in the first instance whether to modify previously imposed sentences where the cocaine range on which they were based have subsequently been lowered.

### PROCEDURAL HISTORY

Robertson was originally charged with violation of 21 U.S.C. §841(a)(1). She pled guilty agreeing that she was accountable for 5.44 grams of cocaine base.

The Probation Officer suggested that the Base Offense Level was 26 based on the cocaine base and that the defendant should receive a two level 2D1.1(b)(1) increase. The aggregate base level was 28 and she received a three level 3E1.1 adjustment. The base level was 25. Pursuant to 11(c)(1)(c) the Government agreed her sentence should be 24 months. The Court pursuant to 5K1.1 reduced the sentence to 9 months and ordered it be served in a halfway house.

**THE SENTENCING GUIDELINES AFTER APPLICATION OF CRACK AMENDMENT**

---

[1] Amendments to the Sentencing Guidelines for United States Courts, 72 Fed, Reg. 28571-28572 (2007).

In deciding whether to modify the sentence, district courts must consider the factors set forth in 18 U.S.C. §3553(a) anew and in light of Gall and Kimbrough, and applicable Sentencing Commission Policy Statements. United States v. Regalado, 030408 FED2, 05-5739 (2nd Cir. 3-4-08).

**RE-SENTENCING**

**A. Introduction**

[E]very lawyer engaged in defending criminal cases knows that often a finding of guilt is a foregone conclusion and that the real issue centers about the severity of the punishment. *Smith v. United States,* 223 F.2d 750, 751 (5th Cir. 1955).

The *Booker* decision has two parts. In the first part, the Court held that the Federal Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, violated a defendant's right to a jury trial under the Sixth Amendment. This was so because the Guidelines required a judge to find facts that can increase a defendant's sentence beyond what could be imposed solely based on the jury's verdict. As a remedy, in the second part, a different majority of the Court severed two parts of the Act, 18 U.S.C. § 3553(b)(1), which made the guidelines mandatory, and 18 U.S.C. §3742(e), which mandated a *de novo* standard of review. With these modifications, the Court noted that "the Federal Sentencing Act . . . makes the Guidelines effectively advisory." *Booker*, 125 S. Ct. at 757.

The return to the exercise of true judicial discretion in sentencing is explained in these words of the Supreme Court:
> We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issue presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant. Booker, 125 S. Ct. at 750 (citations omitted).

With the decision by the United States Supreme Court that the Federal Sentencing Guidelines were unconstitutional, its Booker decision holds that a defendant's Sixth Amendment

2

rights are violated where the mandatory guidelines required judges to find facts resulting in specific sentencing consequences having the effect of increasing a defendant's sentence beyond that range which would apply either by a jury's verdict or by a plea of guilty by the defendant. The Court, in a separate majority opinion, which has been described as the "remedial" opinion, deemed that the guidelines are now merely "advisory" and that district judges are to "consider" the guideline ranges presented in the sentencing context while having the discretion to form a sentence in light of other statutory concerns, specifically those presented in 18 U.S.C. §3553(a). Id.

### B. What Must Be Considered In Post-Booker Sentencing

Post-Booker the guidelines become but one of several factors to be considered by the court in the sentencing process. First, the guideline range, including policy statements are to be considered under 18 U.S.C. § 3553(a)(4) and (5) as an advisory guide. Applicable departures under the guidelines are also to be considered. Now the courts must also consider the statutory directives presented in other parts of § 3553(a) as well as the Congressional directive that "No limitation shall be placed on the information concerning the background, character and conduct of" the defendant in the course of the sentencing process. 18 U.S.C. § 3661. In other words the court is free to sentence just like it did pre-November 1987.

Departures under § 5H1 which, by the Sentencing Commission's policy statements, had all but become mandatorily inapplicable to defendants and their personal circumstances, are no longer outside the scope of a sentencing court's assessment of a reasonable sentence.

Section 3553(a)(1) specifically directs that the court shall consider during the sentencing process "the history and characteristics of the defendant". Therefore, such matters as age, employment, family ties, good deeds, and community ties, for instance, can and should be considered by this Court in fashioning a reasonable sentence. Under the same subsection of §3553, the Court is directed to consider the "nature and circumstances of the offense" without the mandatory directives of the now advisory guidelines. The Court is directed in §3553(a)(2)(A) to

3

fashion a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant; . . . ." Under *Booker*, each of these factors is to be separately considered by a court as part of the entire sentencing process.

Further, § 3553(a)(6) directs the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." That certainly means more than calculating each defendant's guidelines and simply imposing the mandated sentence. Finally, under § 3553(a)(7), the Court shall consider "the need to provide restitution to any victims of the offense." The Court must now analyze whether a deviation from the "advisory" guideline range is appropriate giving due consideration to each of the factors enumerated. The former mandatory nature of the guidelines and decisions supporting the policies of the Sentencing Commission omitted consideration of personal and historical characteristics.

At the re-sentencing, Robertson must be granted the opportunity to present any relevant evidence about his personal history and characteristics as required by § 3553(a) and 3661 and present argument about the role that each subsection of 3553(a) should play in the sentencing process.

### SIXTH AMENDMENT RIGHT TO JURY TRIAL

It is the defendant's position that her original sentencing was illegal and in violation of her Sixth Amendment right to a jury trial as Robertson was sentenced by a District Court Judge using factors found by a preponderance of the evidence and not based on a jury finding or admitted by the defendant.

In fact, in accordance with the holdings in *Apprendi v. New Jersey* 530 U.S. 466, 120 S.Ct. 2348 (2000); *Blakely v. Washington*, 542 U.S. _, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004); and *United States v. Booker,* 543 U.S. ___ 125, S.Ct. 738, 160 L.Ed 2d 621 (2005) (Part One), the defendant's sentence using the mandatory guideline scheme could not have exceeded

the base level consistent with the amount of drugs referenced in the indictment.

## *KIMBROUGH v. UNITED STATES*, 552 U.S. __(2007)

*Kimbrough* addressed the "disproportionate and unjust effect that crack cocaine guidelines have in sentencing", noting that a drug trafficker dealing in crack cocaine was subject to the same sentence as one dealing in 100 times[2] more powder cocaine.

Following the rational in *Kimbrough* vacating the Fourth Circuit's reversal as per se unreasonable and holding the crack powder disparity as a mandatory, the Supreme Court held that: "A District Judge must include the guideline range in the array of factors warranting consideration, but the Judge may determine that, in the particular case, a within guidelines sentence is "greater than necessary to serve the objectives of sentencing 3553(a). In making that determination, the Judge may consider the disparity between the guidelines treatment of crack and powder."

The defendant submits that this Court pursuant to the holding in *Kimbrough* may still consider the disparity between powder and crack cocaine. In fact in *Kimbrough* the Court held: "Given the Commissions departure from its empirical approach to formulating the crack guidelines and its subsequent criticism of the crack/powder disparity, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve §3553(a)'s purposes, even in a mine run case."

## REASONABLENESS

"It has been uniform and consistent in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings and sometimes mitigate, sometimes magnify, the crime and the punishment to ensure" *Koon v. United States*, 518 U.S. 81, 98 (1996).

---

[2]The defendant realizes that the November 1, 2007 amendment to the Sentencing Guidelines as relates to crack has reduced the disparity some, but clearly not all, providing for a two level decrease.

As noted by the Court in *Kimbrough*, supra, crack and powder cocaine have the same physiological and psychotropic effects, but are handled very differently for sentencing purposes.

An outside the guidelines decision in this case, below the suggested guidelines, even after the 2007 crack amendment is applied would be in line with §3553(a)'s overarching instruction to impose a sentence sufficient, but not greater than necessary to accomplish the sentencing goals advanced in §3553(a)(2). (See *Kimbrough*, supra)

## CONCLUSION

The defendant is requesting the Court impose a sentence to time served based on all of the above factors.

"While rendering the Sentencing Guidelines advisory, *United States v. Booker* 543 U.S. 220, 245 (2005), we have nevertheless preserved a key role for the Sentencing Commission. As explained in *Rita* and *Gall*, district courts must treat the Guidelines as the "starting point and the initial benchmark," *Gall v. United States*, ante, at 11. ...

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamcsandassoc@aol.com
Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Chris Snyder
Assistant United States Attorney
P.O. Box 197

Montgomery, Alabama 36101

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: ASB-7956-J64S

7